UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

```
----------------------------------------------------------------- X
JENNIFER HOFFMAN                              :
& B.M. (infant),                              :
                                              :
                                              :    COMPLAINT
                        Plaintiffs,           :
                                              :    JURY TRIAL DEMANDED
              -against-                       :
                                              :
THE CITY OF NEW YORK, POLICE OFFICER          :
ELIZABETH CASTRO,    POLICE OFFICERS          :
"JOHN DOES" 1-4 (police officers as yet       :
unidentified), DAVID HANSELL, MATTHEW         :
MCGRATH, JENNIFER JAMES, CARMELITA            :
CYRUS, MONA STEWART, ORSLINE FRASER,          :
                                              :
                        Defendants.           :
----------------------------------------------------------------- X
```

Plaintiff JENNIFER HOFFMAN on behalf of herself and her infant daughter B.M., by

their attorneys, **THE LAW OFFICE OF JESSICA WILSON, P.C.**, upon information and belief,

respectfully alleges:

## PRELIMINARY STATEMENT

1.      This is a civil rights action in which the plaintiffs seek relief for the defendants'

violation of her rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, and of rights

secured by the First, Fourth, Fifth Sixth and Fourteenth Amendments to the United States

Constitution, and of rights secured under the laws and Constitution of the State of New York.  The

plaintiff seeks damages, both compensatory and punitive, affirmative and equitable relief, an

award of costs, interest and attorney's fees, and such other and further relief as this Court deems

equitable and just.

## JURISDICTION AND VENUE

2.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. § §1331 and 1343, this being an action seeking redress for the violation of plaintiff's constitutional and civil rights.

3.      Jurisdiction is also invoked herein pursuant to the Fourth and Fourteenth Amendments to the United States Constitution and 42 U.S.C. §§1981, 1983, 1985 and 1986.

4.      The plaintiff respectfully requests that this Court exercise supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any state court causes of action that arise from a common nucleus of operative facts that give rise to the federally based causes of action pleaded herein, and as against all parties that are so related to claims in this action within the original jurisdiction of this court that are formed as part of the same case or controversy.

5.      Venue herein is proper for the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. § 1391 (a), (b) and (c), as the events forming the basis of plaintiff's complaint occurred in that District.

## PARTIES

6.      Plaintiff Jennifer Hoffman is 38 (thirty-eight) years old and at all times hereinafter mentioned was and still is a citizen of the United States residing in the State of New York. B.M. is Jennifer Hoffman's infant child born in 2017. Plaintiffs now reside in New York County.

7.      Defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant City of New York is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  The New York City Police

Department ("NYPD") officers are, and were at all times relevant herein, duly appointed and acting officers, servants, employees and agents of the City of New York.

9.     The New York City Administration for Children's Services ("ACS") is an agency of the City of New York.

10.     The Counseling Service of Eastern District New York ("CSEDNY") is a non-profit organization that offers drug, alcohol mental health counseling and treatment to individuals referred by the New York City Administration for Children Services, the City of New York and other state and federal government entities. The organization is overseen by the New York State Office of Alcoholism and Substance Abuse Services. CSEDNY acts as an agent of the City of New York by and through the New York City Administration for Children Services when monitoring compliance with treatment modalities and reporting compliance and test results to the Administration for Children Services.

11.     Defendants Castro, Police Officer Does 1-4 are and were at all times relevant herein, duly appointed and acting officers, servants, employees and agents of the New York City Police Department, a municipal agency of the City of New York, in Kings County.  Defendants Castro, and Police Officer Does 1-4 are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant the City of New York, were acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

12.     Defendants Stewart and Fraser are and were at all times relevant herein, duly appointed and acting officers, servants, employees and agents of the Counseling Service of Eastern

3

District New York (CSEDNY), an agent of the City of New York. Defendants Stewart and Fraser are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant City of New York, were acting for, and on behalf of, and with the power and authority vested in them by City of New York, Administration for Child Services, New York State Office of Alcoholism and Substance Abuse Services, and the Counseling Service of Eastern District New York (CSEDNY) and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

13.    Defendants Hansell, McGrath, James, and Cyrus were at all times relevant herein, duly appointed and acting officers, servants, employees and agents of the New York City Administration for Child Services, a municipal agency of the City of New York.  Defendants Hansell, McGrath, James, and Cyrus are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant the City of New York, were acting for, and on behalf of, and with the power and authority vested in them by the City of New York and the New York City Administration for Child Services, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

14.    David Hansell is sued in his official capacity.

15.    Defendants Castro, Police Office Does 1-4, Mathew McGrath, Jennifer James, Carmelita Cyrus, Mona Stewart, and Orsline Fraser are sued in their individual and official capacities.

## STATEMENT OF FACTS

16.    On February 7, 2017, at approximately 7:10 p.m. at 126 N. 3rd Street, Brooklyn, N.Y., defendant police officers John Doe 1 – 4 and Officer Elizabeth Castro from the New York City Police Department, then employed at the 94 Precinct by the City of New York, responded to a 911 call placed by plaintiff Hoffman stemming from Hoffman's concern over an argument instigated by her boyfriend and father of her infant child, Jeremy McDaniel. The officers responded to the location, and after speaking with the parties, left without taking any official police action. Approximately fifteen minutes later, the police officer defendants returned and arrested plaintiff Hoffman for allegedly "scratching" McDaniel, charging Assault in the Third Degree and Child Endangerment, under N.Y.P.L. §§ 120.00(1), and 260.10. The Police Officer defendants told Hoffman that their lieutenant (John Doe 4) made them return and arrest plaintiff because they have gotten complaints about not taking domestic violence cases seriously.

17.    That on February 8, 2017 Plaintiff Hoffman was released on her recognizance and the arraignment judge issued an order of protection, ordering Hoffman to stay away from McDaniel and her infant daughter, subject to family court order.

18.    The Criminal Court proceeding stemming from Plaintiff Hoffman's arrest was dismissed and sealed on March 19, 2018, pursuant to N.Y. C.P.L. § 170.55. one year after Plaintiff was granted an adjournment in contemplation of dismissal.

19.    That on or about February 8, 2017, ACS was alerted of plaintiff Hoffman's arrest and case manager Jennifer James was assigned to make an assessment of infant B.M.'s risk of abuse or maltreatment in light of alleged physical altercation between McDaniel and Hoffman.

20.     That on or about February 8, 2017, Hoffman was informed by ACS that she could not see her child until she attended a conference with ACS and that said conference could not be scheduled until February 13, 2017.

21.     That on or about February 13, 2017, Plaintiff attended a conference with defendant James and additional employees of ACS. Plaintiff was discouraged to bring an advocate to the conference and thus appeared alone. At the conference, defendant James accused Plaintiff of having "post-partum psychosis", suicidal tendencies, alcohol problems and abusing the prescription drug Ativan. Defendant James asked plaintiff Hoffman how much alcohol she had on the evening she was arrested and plaintiff replied that she had two martinis in a two to three-hour period, but that she was not used to drinking after giving birth. Defendant James further asked plaintiff Hoffman whether she had consumed a whole bottle of champagne a few weeks prior, to which Hoffman said that she had two glasses one evening and the remaining two glasses the next.

22.     That plaintiff Hoffman denied both drinking to excess on any occasion and drinking alcohol regularly.

23.     That plaintiff denied having post-partum depression and informed defendant James that she had been screened for post-partum symptoms on multiple occasions since the birth of her child with negative result. Plaintiff further stressed that post-partum was not a mental illness, but hormonal.

24.     That plaintiff Hoffman explained to defendant James that obviously these accusations were coming from her estranged boyfriend McDaniel and that McDaniel had previously made false mental health accusations against her and that plaintiff had proof in the form of surreptitious videos that McDaniel was planning to make false accusations against Plaintiff to

gain custody of B.M. and take her to Georgia. In response, defendant James yelled, "this is about your mental illness not Jeremy!" Defendant James refused to view said videos.

25.     That plaintiff provided defendant James with evidence that the Ativan was deemed safe to use while breastfeeding and was a treatment modality prescribed by her physician. Plaintiff also informed defendant James that, regardless, plaintiff had not been taking the Ativan.

26.     That plaintiff signed releases for ACS to discuss any issues with her doctors and further provided contact information for her couples' counselor, pediatrician and obstetrician.

27.     That on or about February 14, 2017, under Article § 1022 of the Family Court Act in the Family Court of the State of New York, Kings County, an emergency neglect proceeding was commenced by defendants, City of New York, ACS employees James, McGrath and Cyrus, their agents, servants and employees.

28.     That the purported basis given for the removal of B.M., then a five-week-old breastfeeding infant, was "negligent supervision" pursuant to FCT § 1012 (f)(i)(B), namely, that the child's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of his parent or other person legally responsible for his care to exercise a minimum degree of care… by misusing a drug or drugs. or by misusing alcoholic beverages to the extent that he loses self-control of his actions."

29.     That at the above described removal proceeding, defendant ACS caseworker James, employed by the City of New York, perjured herself and presented false and misleading information to the court about plaintiff Hoffman, including false testimony that Plaintiff admitted to drinking an entire bottle of liquor in one day and was abusing Ativan (a prescription drug). Defendant James also alleged plaintiff was mentally ill, as alleged by McDaniel.

30.     That defendant James made these allegations without contacting any of the doctors whose information plaintiff Hoffman provided and without conducting any investigation whatsoever.

31.     That at the above described removal proceeding, Plaintiff's lawyer was not allowed to present any evidence in opposition to the claims made by the state. Relying on these false allegations made by the caseworker, the Judge granted the emergency removal of the child from Plaintiff's custody, paroled the child to the father Jeremy McDaniel and approved Court Ordered Supervision of infant B.M.

32.     That the neglect petition and proceeding was filed without probable cause to believe that infant B.M.'s physical, mental or emotional condition had been impaired or was in imminent danger of becoming impaired because plaintiff Hoffman was misusing alcoholic beverages or drugs to the extent that she loses self-control of her actions.

33.     That plaintiff Hoffman was denied access to her child and allotted the minimum visitation of two supervised visits a week for two hours each time. Plaintiff Hoffman was prohibited from breastfeeding B.M., ostensibly on the basis of Plaintiff's alleged use of Ativan. a drug universally considered by the medical community safe for use while breastfeeding.

34.     That on or about February 15, 2017 Plaintiff's attorney requested a hearing on the merits under FCT § 1028, but no hearing was granted.

35.     That defendant James case notes reflect that her supervisor, defendant Cyrus monitored and approved of the initial neglect proceeding against plaintiff Hoffman, the continuation of the neglect petition and the "indicated" finding of neglect.

36.     That in order to reestablish full parental rights, ACS mandated that plaintiff Hoffman enroll in a domestic violence class, parenting class, mental health counseling, and an alcohol and drug abuse program, as well as submit to random drug testing.

37.     That ACS refused Plaintiff's request to involve plaintiff Hoffman's physicians in any testing or treatment for alleged drug use or mental health treatment, merely stating that plaintiff would not be in compliance if she did not follow these directives and would not regain custody of her child.

38.     That ACS mandated plaintiff enroll at the Counseling Service of Eastern District New York ("CSEDNY").

39.     That on or about March 2, 2017, ACS allowed plaintiff Hoffman to take a hair test and plaintiff signed the necessary disclosure forms for release of the results. This test—the most accurate of its kind—accurately reports not only drug use, but habitual or excessive alcohol use.

40.     That although the negative test results were provided to ACS by CSEDNY on March 6, 2017, the negative results were never relayed to the family court judge or plaintiff Hoffman until the records were subpoenaed by plaintiff in August 2017.

41.     That between approximately March 14, 2017 and March 30, 2017, ACS could not locate infant B.M.

42.     That on or about March 20, 2017, ACS authorized an arrest warrant for McDaniel when caseworkers learned McDaniel had taken the infant to Georgia.

43.     That on or about March 21, 2017, one of the same police officers who had falsely arrested plaintiff Hoffman (Officer John Doe 1) refused to take a missing child report from plaintiff Hoffman, even after plaintiff provided proof from the New York City Administration for Child Services and the Kings County Family Court that an arrest warrant had been issued for McDaniel.

44.    That on April 20, 2017, ACS removed the child from McDaniel's supervision and paroling B.M. to her maternal grandparents with the caveat that plaintiff Hoffman not be alone with her child and continue the drug and alcohol program.

45.    Plaintiff Hoffman frequently requested her hair test results from both ACS and the program administrators at CSEDNY and was told alternatively that she had no right to such results, or, that they (ACS and CSEDNY) did not "have" the results.

46.    That, upon information and belief, ACS retained a domestic violence tape to review the case file and the expert determined that plaintiff Hoffman was the victim of domestic abuse, not the abuser as alleged in the original neglect petition.

47.    During the course of the prosecution of the neglect petition, the defendants McGrath, James and Cyrus, purposely withheld this above-described exculpatory information from plaintiff Hoffman and the Family Court judge.

48.    That immediately prior to the expiration of the sixty-day period allotted to ACS to fully investigate and make a finding in the case, pursuant to Social Services Law § 424-a (7), ACS rendered an "indicated" report of negligent supervision, which would become public record in the State Central Registry of Child Abuse and Maltreatment ("SCR").

49.    That on May 9, 2017 Plaintiff Hoffman received physical custody of her child, although still subject to the court ordered supervision.

50.    That Plaintiff appealed the "indicated" decision, pursuant to SSL § 422(8)(a)(i), after ACS refused to change position after an internal review.

51.    That plaintiff Hoffman, pursuant to the mandates of ACS, continued at CSEDNY in the drug and alcohol program, counseling, and biweekly drug testing. Although ACS is

obligated to submit a treatment plan to CSEDNY, no such plan was ever devised and plaintiff Hoffman was never advised how long she would have to remain in the alcohol and drug program.

52.     Plaintiff Hoffman's counselor at CSEDNY, defendant Mona Stewart, threatened that unless plaintiff "admitted" to alcohol abuse, CSEDNY and ACS would alert the Family Court judge that plaintiff was not in "compliance" and that plaintiff's child would again be taken from her. Further, plaintiff Hoffman was told by defendants Stewart and the Clinical Director of CSEDNY, defendant Orsoline Fraser, that the program could not be completed without plaintiff admitting to an addiction.

53.     Defendant Stewart sent false non-compliant reports to ACS after plaintiff Hoffman complained.

54.     Plaintiff Hoffman refused to so admit to a non-existent alcohol or drug problem, but continued in the program until, on September 11, 2017, Fraser, deemed plaintiff had completed the program.

55.     That plaintiff received numerous home visits by ACS caseworkers through early November 2017.

56.     That the appeal of ACS's "indicated" report before an Administrative Law Judge was scheduled for March 27, 2018, but on March 23, 2018, ACS conceded that it would not submit any evidence in support of its "indicated" finding of neglect.

57.     That on or about March 27, 2018, Administrative Law Judge Glenn E. Harris dismissed and sealed the ACS action against plaintiff Hoffman.

58.     That the neglect petition and proceeding was prosecuted and continued despite the existence of clear and exculpatory evidence in favor of plaintiff Hoffman.

11

59.     That the prosecuting attorney defendant McGrath, along with defendants James and Cyrus, individually and/or collectively acted as investigators in the collection and presentation of evidence relating to the prosecution of the neglect petition against plaintiff Hoffman.

60.     Defendants McGrath, James and Cyrus, knowingly and intentionally continued the prosecution of the neglect petition against plaintiff Hoffman despite the existence of clear exculpatory evidence in favor of plaintiff Hoffman and willfully and intentionally ignored exculpatory information in favor of plaintiff Hoffman.

61.     That during the prosecution of the neglect petition, defendants McGrath, James and Cyrus, employees of the Administration for Child Services, failed to properly investigate the facts surrounding the allegations made against plaintiff Hoffman.

62.     The prosecution of the neglect petition by defendants McGrath, James and Stewart was continued without investigation or any reasonable basis or probable cause to believe a finding of neglect could be substantiated against plaintiff Hoffman.

63.     That the infant, B.M., remained outside the custody of Plaintiff Hoffman from February 7, 2017 through May 9, 2017.

64.     That plaintiff Hoffman was precluded from residing with her infant daughter for approximately three months, nor seeing her daughter for more than two hours twice a week, and was further precluded from being alone with her child between February 8, 2017 and May 9, 2017.

65.     As a result of the foregoing, plaintiff B.M. was subject to unlawful seizure without probable cause and deprived not only of the essential nutrients uniquely contained in her mother's breast milk, but also of the singular opportunity to bond and commune with her mother during the nursing ritual.

66.    As a result of the foregoing, plaintiff Hoffman was deprived of full and unabridged custody and companionship of her child for approximately three months and further denied her constitutional right to breastfeed her child.

67.    Plaintiff Hoffman was deprived of substantial time by being forced to attend six months of twice-weekly drug and alcohol program counselling sessions, six months of twice weekly drug testing, and intrusive home visits by ACS, which defendant ACS employees knew was unwarranted.

68.    During the pendency of the aforementioned neglect petition which was filed, commenced, and continued without probable cause and with knowledge that it lacked merit and said investigation by ACS was further concluded as indicating neglect in direct contradiction of clearly exculpatory evidence and with knowledge that it lacked merit.

69.    Plaintiff Hoffman was forced to make numerous appearances in Kings County Criminal Court and Family Court in furtherance of the defense to these false charges and incurred substantial legal fees.

70.    Plaintiff Hoffman was forced to attend drug and alcohol counseling to discuss her addictions and neglectful parenting and penalized when she refused to admit to these nonexistent addictions.

71.    Plaintiff Hoffman suffered retaliation by defendants James, Cyrus, Stewart and Fraser, when she exercised her first amendment right by complaining she was being unfairly treated in that these employees of ACS and CSEDNY refused to disclose plaintiff Hoffman's hair test results, threatened to submit negative reports if she did not admit to alcoholism, and did in fact submit false "non-compliant" reviews to the Family Court judge.

72.    Plaintiff Hoffman sustained emotional and psychological injury as a result of the aforesaid actions of the defendants.

73.    Due to the intrusive and unwarranted drug testing Plaintiff Hoffman was subject to by named defendant employees of ACS and CSEDNY, plaintiff was hospitalized three times between December 2017 and January 2018, for inability to urinate and treated by intermittent catherization. Plaintiff's physician determined that the repeated bullying she suffered from CSEDNY counselors had caused PTSD-like symptoms, which continue to the present day.

74.    Plaintiff Hoffman sustained economic loss because of her inability to work full time due to the overwhelming psychological duress, counseling and drug testing time demands, and her twice weekly supervised visits with her daughter at ACS.

75.    Plaintiff Hoffman suffered and continues to suffer great disgrace, embarrassment, loss of self-esteem and emotional harm resulting from the aforesaid actions neglect proceedings and the unlawful taking of her infant child as a result of the aforesaid actions by defendants.

76.    Plaintiff continues to live and function in fear that her infant daughter will be taken from her again and is being forced to defend her custodial rights in a pending Family Court proceeding instigated by Jeremy McDaniel.

**FIRST CAUSE OF ACTION**
**FALSE ARREST UNDER FEDERAL LAW**

**77.**    Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

**78.**    By their conduct and actions in arresting and imprisoning plaintiff Hoffman, defendants police officers John Doe 1 – 4, and Officer Elizabeth Castro from the New York City Police Department, acting with animus, and under color of law and without lawful justification,

14

intentionally, maliciously, and with deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of the plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the United States Constitution, including its Fourth and Fourteenth Amendments.

79.    As a result of the foregoing, plaintiff Hoffman was deprived of her liberty and further suffered psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**SECOND CAUSE OF ACTION**
**DEPRIVATION OF RIGHTS UNDER THE**
**UNITED STATES CONSTITUTION AND 42 U.S.C. § 1983 BY**
**THE CITY OF NEW YORK**

80.    Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

81.    At all times material to this complaint, defendant the City of New York, acting through its police department, and through defendants Castro and unknown Doe officers 1-4 had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

82.    At all times material to this complaint, defendant the City of New York, acting through its New York City Police Department, and through police officers Doe 1 – 3, lieutenant Doe, and Officer Castro from the New York City Police Department 94 Precinct had de facto policies, practices, customs and usages of failing to properly train, screen, supervise or discipline employees, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. The policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

**83.**    As a result of the foregoing, plaintiff was deprived of her liberty, suffered specific and severe physical injury, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**THIRD CAUSE OF ACTION**
**FALSIFICATION OF EVIDENCE UNDER FEDERAL LAW**

84.    Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

85.    By their actions in falsifying evidence surrounding the arrest of plaintiff Hoffman, plaintiff was deprived of her liberty, suffered the removal of her child, psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

86.    As a result of the foregoing, plaintiff was deprived of her liberty, suffered psychological injury and emotional distress, great humiliation, costs and expenses, and was otherwise damaged and injured.

**FOURTH CAUSE OF ACTION**
**UNLAWFUL SEIZURE OF INFANT B.M. UNDER FEDERAL LAW**

87.    Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

88.    As a result of the afore-described actions, including the initial removal of the infant child plaintiff from her mother's care and custody on February 14, 2017 through May 9, 2017, the defendants City of New York, McGrath, James, Cyrus, Stewart, and Fraser individually and/or vicariously by and through their agents, servants and employees, deprived plaintiff of the rights, privileges, and immunities secured by the Constitution and laws of the United States, including but not limited to life, liberty and property and are actionable under pursuant to 42 U.S.C. §Sections 1981, 1983, 1985, 1986, 1988.

89.    The aforementioned acts of defendants were performed under color of state law.

90.    As a result of the defendants' act of seizing B.M. from the custody of her primary caretaker, her mother, B.M. suffered deprivation of liberty deprivation without probable cause, denial of substantive and procedural due process, invasion of privacy, denial of the essential nutrients derived from breastfeeding, and the emotional attachment of daily association with her mother.

## FIFTH CAUSE OF ACTION
## CONTINUED UNLAWFUL SEIZURE OF INFANT B.M. UNDER FEDERAL LAW

91.    Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

92.    As a result of the afore-described actions, including plaintiff B.M.'s continuing removal from her mother's custody during the unlawful prosecution of the neglect petition, from February 14, 2017 through the dismissal of all charges the defendants City of New York, McGrath, James, Cyrus, Stewart, and Fraser, individually and/or vicariously by and through their agents, servants and employees, deprived plaintiff of the rights, privileges, and immunities secured by the Constitution and laws of the United States, including but not limited to life, liberty and property and are actionable under pursuant to 42 U.S.C. §Sections 1981, 1983, 1985, 1986, 1988.

93.    The aforementioned acts of defendants were performed under color of state law.

94.    As a result of the defendants' act of seizing B.M. from the custody of her primary caretaker, her mother, B.M. suffered deprivation of liberty deprivation without probable cause, denial of substantive and procedural due process, invasion of privacy, denial of the essential nutrients derived from breastfeeding, and the emotional attachment of daily association with her mother.

95.    As a result of the acts stated above, plaintiff was damaged.

### SIXTH CAUSE OF ACTION
### UNLAWFUL SEARCH & SEIZURE OF PLAINTIFF JENNIFER HOFFMAN
### UNDER FEDERAL LAW

96.    Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

97.    As a result of defendants' actions, including the initiation of the prosecution of the neglect petition without probable cause or due process, the defendants, the City of New York and McGrath, James and Cyrus, individually and/or vicariously through their agents, servants or employees, deprived plaintiff Hoffman of the privileges, and immunities secured by the Constitution and laws of the United States, including but not limited to plaintiff's rights to be free and secure in her person, houses and effects from unreasonable seizures except on probable cause and with due process, plaintiff's unabridged right to the privileges and immunities of citizens of the United States and plaintiff's right to life, liberty and property and are actionable under and pursuant to 42 U.S.C. §Sections 1981, 1983, 1985, 1986, 1988.

98.    The aforementioned acts of defendants were intentional, willful, malicious and/or grossly negligent and performed with reckless disregard for and deliberate indifference to plaintiffs' rights.

99.    The aforementioned actions of defendants were performed under color of state law.

100.    The aforementioned acts of defendants were performed without probable cause.

101.    The aforementioned proceedings resulted in a favorable determination for plaintiff Hoffman.

102.    As a result of the actions stated above, plaintiff Hoffman has suffered serious emotional and psychological injury, a deprivation of liberty without probable cause, denial of

procedural and substantive due process, invasion of privacy, mental distress, damage to character and reputation and plaintiff will continue to suffer same in the future.

103.    As a result of the acts stated above, plaintiff was compelled to and did seek medical treatment and incurred expenses as a result, suffered and were caused great embarrassment and sustained a loss of money for legal fees incurred and lost wages.

104.    As a result of the acts stated above, plaintiff was damaged.


## SEVENTH CAUSE OF ACTION
## CONTINUED UNLAWFUL SEARCH & SEIZURE OF JENNIFER HOFFMAN UNDER FEDERAL LAW

105.    Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

106.    As a result of the actions of the defendant City of New York and McGrath, James, and Cyrus, including the continued removal of plaintiff Hoffman's infant child from her custody during the unlawful prosecution of the neglect petition, from February 14, 2017 through the dismissal of all charges on the merits, the defendants individually and/or vicariously through their agents, servants or employees, deprived plaintiff Hoffman of the privileges, and immunities secured by the Constitution and laws of the United States, including but not limited to plaintiff's rights to be free and secure in her person, houses and effects from unreasonable seizures except on probable cause and with due process, plaintiff's unabridged right to the privileges and immunities of citizens of the United States and plaintiff's right to life, liberty and property and are actionable under and pursuant to 42 U.S.C. §Sections 1981, 1983, 1985, 1986, 1988.The aforementioned acts of defendants were intentional, willful, malicious and/or grossly negligent and performed with reckless disregard for and deliberate indifference to plaintiffs' rights.

107.    The aforementioned actions of defendants were without procedural due process.

108.    The aforementioned actions of defendants were shocking, arbitrary and egregious.

109.    The aforementioned actions of defendants were performed under color of state law.

110.    The aforementioned acts of defendants were performed without probable cause.

111.    The aforementioned proceedings resulted in a favorable determination for plaintiff Hoffman.

112.    As a result of the actions stated above, plaintiff Hoffman has suffered serious emotional and psychological injury, a deprivation of liberty without probable cause, denial of substantive and procedural due process, invasion of privacy, mental distress, damage to character and reputation and plaintiff will continue to suffer same in the future.

113.    As a result of the acts stated above, plaintiff was compelled to and did seek medical treatment and incurred expenses as a result, suffered and were caused great embarrassment and sustained a loss of money for legal fees incurred and lost wages.

114.    As a result of the acts stated above, plaintiff Hoffman was damaged.


**EIGHTH CAUSE OF ACTION**
**UNLAWFUL SEARCH & SEIZURE OF JENNIFER HOFFMAN UNDER FEDERAL LAW PREDICATED ON HOFFMAN BEING FORCED TO ATTEND COUNSELING AND SUBMIT TO DRUG TESTS**

115.    Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

116.    As a result of defendants, the City of New York and McGrath, James, Cyrus, Stewart, and Fraser, mandate that plaintiff Hoffman attend biweekly counseling sessions and biweekly drug testing without probable cause, the defendants individually and/or vicariously through their agents, servants or employees, deprived plaintiffs of the privileges, and immunities

secured by the Constitution and laws of the United States, including but not limited to plaintiffs' rights to be free and secure in their person, houses and effects from unreasonable seizures except on probable cause and with due process, plaintiffs' unabridged right to the privileges and immunities of citizens of the United States and plaintiffs. right to life, liberty and property and are actionable under and pursuant to 42 U.S.C. § Sections 1981, 1983, 1985, 1986, 1988.

117.    The aforementioned acts of defendants were intentional, willful, malicious and/or grossly negligent and performed with reckless disregard for and deliberate indifference to plaintiff's rights.

118.    The aforementioned actions of defendants were performed under color of state law.

119.    The aforementioned acts of defendants were performed without probable cause.

120.    As a result of the actions stated above, plaintiff Hoffman has suffered serious emotional and psychological injury, a deprivation of liberty without probable cause, denial of substantive and procedural due process, invasion of privacy, mental distress, damage to character and reputation and plaintiff will continue to suffer same in the future.

121.    As a result of the acts stated above, plaintiff was compelled to and did seek medical treatment and incurred expenses as a result, suffered and were caused great embarrassment and sustained a loss of money for legal fees incurred and lost wages.

122.    As a result of the acts stated above, plaintiff Hoffman was damaged.


## NINTH CAUSE OF ACTION
## FOR VIOLATION OF JENNIFER HOFFMAN'S RIGHT TO BREASTFEED HER CHILD

123.    Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

124.    As a result of defendants New York City and named ACS employees' actions, plaintiff Hoffman was prohibited and restrained from breastfeeding five-week old infant.

125.    These defendants individually and/or vicariously through their agents, servants or employees, deprived plaintiff Hoffman of the privileges, and immunities secured by the Constitution and laws of the United States, including but not limited to plaintiff Hoffman's unabridged right to the privileges and immunities of citizens of the United States and plaintiffs, right to life, liberty and property, under the 1st and 14th amendments, and are actionable under and pursuant to 42 U.S.C. §Sections 1983.

126.    The aforementioned act of defendants was intentional, willful, malicious and/or grossly negligent and performed with reckless disregard for and deliberate indifference to plaintiff's rights.

127.    The aforementioned actions of defendants were performed under color of state law.

128.    As a result of the acts stated above, plaintiff Hoffman was damaged.

## TENTH CAUSE OF ACTION
### FOR VIOLATION OF JENNIFER HOFFMAN'S RIGHTS UNDER THE 6TH AND 14th AMENDMENTS OF THE UNITED STATES CONSTITUTION

129.    Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

130.    As a result of the actions of the defendant City of New York and McGrath, James, Cyrus, Stewart, and Fraser, including the withholding of exculpatory evidence from plaintiff Hoffman under the facts and circumstances then and there existing, these defendants individually and/or vicariously through their agents, servants or employees, deprived plaintiffs of the privileges, and immunities secured by the Constitution and laws of the United States, including but not limited to plaintiffs' rights to be free and secure in their person, houses and effects from unreasonable

seizures except on probable cause, plaintiffs' unabridged right to the privileges and immunities of citizens of the United States and plaintiffs. right to life, liberty and property and are actionable under and pursuant to 42 U.S.C. §Sections 1981, 1983, 1985, 1986, 1988.

131.    The aforementioned acts of defendants were intentional, willful, malicious and/or grossly negligent and performed with reckless disregard for and deliberate indifference to plaintiff's rights.

132.    The aforementioned actions of defendants were performed under color of state law.

133.    As a result of the actions stated above, plaintiff Hoffman has suffered serious emotional and psychological injury, a deprivation of liberty without probable cause, denial of substantive and procedural due process, right to a fair trial, invasion of privacy, mental distress, damage to character and reputation and plaintiff will continue to suffer same in the future.

134.    As a result of the acts stated above, plaintiff was compelled to and did seek medical treatment and incurred expenses as a result, suffered and were caused great embarrassment and sustained a loss of money for legal fees incurred and lost wages.

135.    As a result of the acts stated above, plaintiff was damaged.

**ELEVENTH CAUSE OF ACTION**
**MALICIOUS ABUSE OF PROCESS UNDER FEDERAL LAW PREDICATED ON INITIATION AND CONTINUATION OF NEGLECT PETITION AGAINST JENNIFER HOFFMAN**

136.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

137.    On or about and between February 7, 2017 and the dismissal of all charges, the City of New York and the named defendant employees of the Administration of Child Services, initiated, commenced and continued the neglect petition against plaintiff Hoffman on false

pretenses, and made false statements, sworn and unsworn, to substantiate the baseless prosecution of plaintiff.

138.    Such conduct by defendants was willful, intentional and malicious, and was done to penalize and malign plaintiff in an attempt to justify defendants' unreasonable and continued prosecution against plaintiff.

139.    The aforementioned proceedings resulted in a favorable determination for plaintiff Hoffman.

140.    Accordingly, defendants are liable to plaintiff for malicious abuse of process under 42 U.S.C. § 1983 and the First, Fifth and Fourteenth Amendments to the United States Constitution.

## TWELFTH CAUSE OF ACTION
### MALICIOUS ABUSE OF PROCESS UNDER FEDERAL LAW PREDICATED UPON COMPELLING JENNIFER HOFFMAN TO CONTINUE TO ATTEND COUNSELING AND DRUG TESTING

141.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

142.    On or about and between February 7, 2017 and September 1, 2017, the City of New York and the named defendant employees of ACS and CSEDNY, initiated, commenced and continued to force plaintiff Hoffman to attend alcohol and/or drug counseling sessions and biweekly drug testing without probable cause and in direct contradiction to evidence that such services were not warranted, on false pretenses, and made false statements, sworn and unsworn, to substantiate the baseless prosecution of plaintiff.

143.    Such conduct by defendants was willful, intentional and malicious, and was done to penalize and malign plaintiff in an attempt to justify defendants' unreasonable and continued prosecution against plaintiff.

144.    The aforementioned proceedings resulted in a favorable determination for plaintiff Hoffman.

145.    Plaintiff Hoffman was compelled to attend counseling sessions and drug testing in order to regain and keep custody of her child;

146.    Accordingly, defendants are liable to plaintiff for malicious abuse of process under 42 U.S.C. § 1983 and the First, Fifth and Fourteenth Amendments to the United States Constitution.

## THIRTEENTH CAUSE OF ACTION
### RETALIATORY CONDUCT BY THE NEW YORK CITY ADMINISTRATION FOR CHILDREN'S SERVICES & COUNSELING SERVICE OF EASTERN DISTRICT NEW YORK UNDER FEDERAL LAW

147.    Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

148.    Defendants City of New York and McGrath, James, Cyrus, Stewart, and Fraser, initiated the conduct complained of by plaintiff Hoffman in response to her exercise of her First Amendment rights.

149.    Defendants had no basis to compel plaintiff Hoffman to attend and then remain in drug and alcohol counseling in light of her fully exculpatory hair test results, but rather, were motivated by the desire to punish plaintiff for questioning the defendants' protocols and rules and/or the lack thereof.

150.    Accordingly, defendants James, Cyrus, Stewart, and Fraser, are liable to plaintiff for retaliation under 42 U.S.C. § 1985 and the First, Fifth and Fourteenth Amendments to the United States Constitution.

25

## FOURTEENTH CAUSE OF ACTION
### CONSPIRACY BETWEEN THE NEW YORK CITY ADMINISTRATION FOR CHILD SERVICES AND COUNSELING SERVICE OF EASTERN DISTRICT NEW YORK UNDER FEDERAL LAW

151.    Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

152.    In order to compel plaintiff Hoffman's continued enrollment at CSEDNY and court ordered supervision of plaintiff B.M., defendants City of New York and McGrath, James, Cyrus, Stewart, and Fraser, individually, and/or vicariously through their agents, servants or employees, conspired to withhold plaintiff Hoffman's exculpatory negative hair test results from the plaintiff and the Family Court judge.

153.    Accordingly, defendants McGrath, James, Cyrus, Stewart, and Fraser, are liable to plaintiff for conspiracy under 42 U.S.C. §§ 1983, 1985 & 1986; and the First, Fifth and Fourteenth Amendments to the United States Constitution.

## FIFTEENTH CLAIM
### FABRICATION OF EVIDENCE UNDER FEDERAL LAW

154.    Plaintiffs repeat and reallege all the foregoing paragraphs as if the same were fully set forth at length herein.

155.    Defendants McGrath, James, and Cyrus are liable to plaintiff Hoffman because they intentionally conspired to fabricate and/or falsify evidence against plaintiff, thereby depriving plaintiff of liberty without due process of law.

156.    Furthermore, defendant McGrath, James, and Cyrus, violated the law by making false statements to the Family Court judges in prosecuting the neglect petition against plaintiff Hoffman.

157.    Furthermore, the defendant McGrath, James, and Cyrus, actions violated the law by, while performing the function of investigators, fabricating evidence in an attempt to mount and sustain a prosecution and an unjust finding of neglect against plaintiff.

158.    Defendant McGrath, James, and Cyrus, were on notice that creating fabricated evidence is a clear violation of law because it well established that individuals who knowingly use false evidence in a prosecution to obtain a conviction act unconstitutionally and that such conduct is redressable in an action for damages under 42 U.S.C. § 1983.

159.    Defendant McGrath, James, and Cyrus, are also liable to plaintiff because they intentionally created false information likely to influence the fact finder's decision by, inter alia, forwarding and presenting false information to prosecutors and the judge, by omitting and/or manipulating evidence, fabricating evidence, and suppressing and concealing exculpatory evidence, thereby violating plaintiff Hoffman's constitutional right to a fair trial, and the harm occasioned by such an unconscionable action is redressable in an action for damages under 42 U.S.C. § 1983.

160.    Accordingly, defendant McGrath, James, and Cyrus, are liable to plaintiff for fabrication of evidence pursuant to 42 U.S.C. § 1983. and the Fifth and Sixth Amendments to the United States Constitution.

**SIXTEENTH CAUSE OF ACTION**
**FAILURE TO INTERVENE TO PREVENT THE VIOLATION OF PLAINTIFFS'**
**CIVIL RIGHTS**

161.    Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

162.    As a result of the actions of defendants the City of New York, McGrath, James, Cyrus, Stewart, and Fraser, individually, and/or vicariously through their agents, servants or

employees—including, but not limited to commencing and continuing the neglect proceeding against plaintiff Hoffman despite exculpatory evidence and continuing to withhold custody of B.M. from plaintiff Hoffman without due process or probable cause, failed to intervene to prevent or end the unlawful conduct inflicted upon plaintiffs by defendants.

163.    As a result of the foregoing, defendants individually and/or vicariously through its agents, servants or employees deprived plaintiffs of the privileges, and immunities secured by the Constitution and laws of the United States, including but not limited to plaintiffs' rights to be free and secure in their person, houses and effects from unreasonable seizures except on probable cause, plaintiffs' unabridged right to the privileges and immunities of citizens of the United States and plaintiffs. right to life, liberty and property and are actionable under and pursuant to 42 U.S.C. §Sections 1981, 1983, 1985, 1986, 1988.

164.    The aforementioned acts of defendants were intentional, willful, malicious and/or grossly negligent and performed with reckless disregard for and deliberate indifference to plaintiffs' rights.

165.    The aforementioned actions of defendants were performed under color of state law.

166.    As a result of the actions stated above, plaintiff Hoffman has suffered serious emotional and psychological injury, a deprivation of liberty without probable cause, denial of due process, invasion of privacy, mental distress, damage to character and reputation and plaintiff will continue to suffer same in the future.

167.    As a result of the acts stated above, plaintiff was compelled to and did seek medical treatment and incurred expenses as a result, suffered and were caused great embarrassment and sustained a loss of money for legal fees incurred and lost wages.

168.    As a result of the acts stated above, plaintiffs were damaged.

## SEVENTEENTH CAUSE OF ACTION
## UNLAWFUL SEIZURE OF B.M. UNDER STATE LAW

169.    Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

170.    As a result of the actions of defendant City of New York and the named defendant employees of ACS, including the initial removal of infant plaintiff from her mother's custody on or about February 14, 2017 through the dismissal of all charges, the defendants individually and/or vicariously through their agents, servants or employees, deprived plaintiff of the privileges, and immunities secured by the New York State Constitution, including but not limited to plaintiff's right to be free and secure in her person, houses and effects from unreasonable seizures except on probable cause.

171.    The aforementioned acts of defendants were intentional, willful, malicious and/or grossly negligent and performed with reckless disregard for and deliberate indifference to plaintiff's rights.

172.    The aforementioned actions of defendants were performed under color of state law.

173.    As a result of the defendants' act of seizing B.M. from the custody of her primary caretaker, her mother, without probable cause or due process, B.M. suffered deprivation of liberty from being dislocated from her mother, denied the essential nutrients derived from breastfeeding and the emotional attachment at five weeks old infant derives from daily association with her mother.

174.    As a result of the acts stated above, plaintiff B.M. was damaged.

## EIGHTEENTH CAUSE OF ACTION
### UNLAWFUL SEARCH & SEIZURE OF JENNIFER HOFFMAN UNDER STATE LAW PREDICATED UPON INITIATION AND CONTINUATION OF NEGLECT PETITION

175.     Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

176.     As a result of the actions of defendant City of New York and the named defendant employees of the Administration of Child Services, including the malicious prosecution by defendants through the initiation, commencement and continuation of the neglect petition and proceeding against plaintiff Hoffman, the defendants individually and/or vicariously through their agents, servants or employees, deprived plaintiffs of the privileges, and immunities secured by the New York State Constitution, including but not limited to plaintiff's rights to be free and secure in her person, houses and effects from unreasonable seizures except on probable cause.

177.     The aforementioned acts of defendants were intentional, willful, malicious and/or grossly negligent and performed with reckless disregard for and deliberate indifference to plaintiffs' rights.

178.     The aforementioned actions of defendants were performed under color of state law.

179.     The aforementioned actions of defendants were without probable cause.

180.     The aforementioned actions of defendants were without due process.

181.     The aforementioned proceedings resulted in a favorable determination for plaintiff Hoffman.

182.     As a result of the defendants' act of seizing B.M. from the custody of her primary caretaker, her mother, without probable cause, B.M. suffered deprivation of liberty from being

dislocated from her mother, denied the essential nutrients derived from breastfeeding and the emotional attachment at five weeks old of daily association with her mother.

183.    As a result of the acts stated above, plaintiff was damaged.

**NINETEENTH CAUSE OF ACTION**
**UNLAWFUL SEARCH & SEIZURE OF JENNIFER HOFFMAN UNDER STATE**
**LAW PREDICATED UPON COMPELLING JENNIFER HOFFMAN TO**
**CONTINUE TO ATTEND COUNSELING AND DRUG TESTING**

184.    Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

185.    On or about and between February 7, 2017 and September 1, 2017, the City of New York and the named defendant employees of ACS and CSEDNY, initiated, commenced and continued to force plaintiff Hoffman to attend alcohol and/or drug counseling sessions and biweekly drug testing without probable cause and in direct contradiction to evidence that such services were not warranted, on false pretenses, and made false statements, sworn and unsworn, to substantiate the baseless prosecution of plaintiff.

186.    The defendants individually and/or vicariously through their agents, servants or employees, deprived plaintiffs of the privileges, and immunities secured by the New York State Constitution, including but not limited to plaintiff's right to be free and secure in her person, houses and effects from unreasonable seizures except on probable cause.

187.    The aforementioned acts of defendants were intentional, willful, malicious and/or grossly negligent and performed with reckless disregard for and deliberate indifference to plaintiff's rights.

188.    The aforementioned actions of defendants were performed under color of state law.

189.    The aforementioned actions of defendants were without probable cause.

190.    The aforementioned proceedings resulted in a favorable determination for plaintiff Hoffman.

191.    As a result of the actions stated above, plaintiff Hoffman has suffered serious emotional and psychological injury, a deprivation of liberty without probable cause, denial of due process, invasion of privacy, mental distress, damage to character and reputation and plaintiff will continue to suffer same in the future.

192.    As a result of the acts stated above, plaintiff was compelled to and did seek medical treatment and incurred expenses as a result, suffered and were caused great embarrassment and sustained a loss of money for legal fees incurred and lost wages.

193.    As a result of the acts stated above, plaintiff was damaged.

**TWENTIETH CAUSE OF ACTION**
**VIOLATION OF PLAINTIFF'S CIVIL RIGHTS PREDICATED UPON THE CUSTOM, POLICY, PATTERN AND PRACTICE OF DEFENDANT CITY OF NEW YORK**

194.    Plaintiffs repeat and reiterate the allegations set forth in the foregoing paragraphs with the same force and effect as though fully stated herein.

195.    As a result of defendants' actions, including the unlawful removal of plaintiff's child from her custody, the initiation and continuation of the neglect petition without probable cause, the continued removal of plaintiff's child from her custody without investigation and in spite of exculpatory information, that there was no probable cause to sustain the neglect charges, the malicious prosecution of plaintiff Hoffman by defendants by and through the initiation, commencement, and continuation of the neglect petition and failure to intervene to prevent the violation of plaintiffs' civil rights resulted from and were taken to a policy, pattern, and/or regular course of conduct of the defendants, the City of New York and the New York City for Administration for Child Services through its agents, servants, or employees, including the

individual defendants named herein by means of open and notorious polices, as well as de facto policies, including but not limited to, the following: defendants' failure to investigate neglect cases; defendants' refusal to dismiss neglect cases that are determined to have no merit; defendants' continuation of neglect cases despite exculpatory evidence, so as to compel settlement; defendants' continuation of neglect cases in order to exhaust plaintiffs financially, physically and emotionally, so as to compel settlement; defendants' withholding of exculpatory evidence; defendants' failure to conduct timely and adequate investigations; defendant New York City implemented or tolerated plainly inadequate policies, procedures, regulations, practices, customs, training, supervision, and/or discipline concerning the constitutional duty of caseworkers to make timely disclosure to the ACS Attorneys, the Family Court and/or the respondents attorney of exculpatory material; defendant New York City's failure to implement disclosure and dismissal procedures with rehabilitative drug and alcohol counseling agencies to whom patients are referred when drug and/or alcohol tests are negative; failure to implement disclosure protocols of exculpatory evidence to the courts and/or suspects of investigations into neglect and/or abuse; defendant City of New York's failure to implement procedures with contracted agencies, such as CSEDNY, to comply with HIPAA law in disclosures of patients' drug and alcohol test results; defendants' failure to adequately monitor and train employees and agents of the New York City Administration for Child Services in adequate investigative techniques; defendants' failure to adequately monitor and train employees and agents of the New York City Administration for Child Services in exculpatory disclosures; defendants' failure to adequately monitor and train New York City Administration for Children's Services to provide truthful information about their investigations, and to testify truthfully, accurately, and completely during neglect and abuse proceedings; defendant's failure to adequately monitor and train agencies, such as CSEDNY, to

thereto) concerning exculpatory evidence, were implemented or tolerated by policymaking officials for the defendant City of New York, including but not limited to the Commissioner of the Administration for Children's Services Hansell, who knew to a moral certainty that exculpatory evidence regularly arise in neglect and/or abuse investigations. that employees of the New York City Administration for Children's Services are presented with difficult choices regarding exculpatory information for which training and/or supervision would help counteract the pressure on case workers to remove children and to obtain convictions and the powerful incentives they have to ignore, discard, fail to record, and fail to disclose evidence favoring a suspect, given that the policy of the New York City Administration for Children's Service is to resolve any ambiguity regarding the safety of the child in favor of removal in neglect and/or abuse investigations. and that this failure to disclose exculpatory evidence by such employees frequently causes the deprivation of the constitutional rights of neglect and/or abuse suspects and causes them constitutional injury.

199.    As a result of the actions stated above, plaintiffs have suffered serious emotional and psychological injury, a deprivation of liberty without probable cause, denial of due process, invasion of privacy, mental distress, damage to character and reputation and plaintiff will continue to suffer same in the future.

200.    As a result of the acts stated above, plaintiff was compelled to and did seek medical treatment and incurred expenses as a result, suffered and were caused great embarrassment and sustained a loss of money for legal fees incurred and lost wages.

201.    As a result of the acts stated above, plaintiff Hoffman was damaged.

202.    As a result of the defendants' act of seizing B.M. from the custody of her primary caretaker, her mother, without probable cause, B.M. suffered deprivation of liberty from being

dislocated from her mother, denied the essential nutrients derived from breastfeeding and the emotional attachment at five weeks old of daily association with her mother.

203.    As a result of the acts stated above, plaintiff B.M. was damaged.

**WHEREFORE**, plaintiff demands the following relief jointly and severally against all of the defendants:

a.    Compensatory damages in an amount to be determined by a jury.

b.    Punitive damages against the individually named Defendants, in an amount to be determined by a jury.

c.    The convening and empaneling of a jury to consider the merits of the claims herein.

d.    Costs and interest and attorneys' fees.

e.    Such other further relief as this court may deem appropriate and equitable.

Dated: Brooklyn, New York
       May 4, 2018

                                    Respectfully submitted,

                                    **JESSICA WILSON P.C.**
                                    Counsel for the Plaintiff


                                    By: Jessica Wilson
                                    26 Broadway, 8th Fl.
                                    New York, New York 10004
                                    (718) 739-1736